## 30977. BENNETT v. PADGETT.

GUNTER, Justice.

This case evolves from a dispute between the contesting parties over their respective interests in a tract of land or in the proceeds of the sale of the land when sold. The jury that heard the case returned a verdict in favor of

the defendant-appellee; the trial judge entered a judgment in favor of the appellee, and the terms of that judgment constitute one of the issues in this appeal; the trial judge overruled the appellant's motion for a new trial; and the appellant has come here for review seeking reversal.

On March 3, 1959, the appellant, Mr. Nicholson, and Mr. Best, took title as grantees in a warranty deed to a tract of land. On that same date an agreement was entered into which recited that as among the three of them, appellant owned a one-half undivided interest in the tract, and the other two parties each owned a one-fourth undivided interest in the tract. On the same day, appellant and appellee entered into an agreement that recited that appellant owned a one-half undivided interest in the tract, and that appellant "agrees to pay unto Michael J. Padgett, his heirs or assigns fifty (50%) percent of the profits which the party of the first part may derive from the sale of the" tract.

In 1963 a large portion of the tract was sold, all of it except approximately 1.8 acres which is involved in this litigation. In 1973 the appellee filed his agreement with appellant with the Clerk of Superior Court and had it recorded in the real property records. Thereafter the appellant brought suit against the appellee to have the purported agreement declared null and void and expunged from the real property records as a cloud upon appellant's title to a one-half undivided interest in the 1.8 acre tract.

A jury trial followed, the jury rendered a verdict for the appellee, and the trial judge then entered a judgment which read in part: "It is therefore ordered, adjudged, and decreed that the said Michael J. Padgett, the defendant in said case, has an equitable interest in a lot or tract of land hereinafter described to the extent that he is entitled to receive one-half of the profits received by the plaintiff, Paul E. Bennett, from the sale of his interest in the" 1.8 acre tract of land.

Let it be sufficient here to say that the evidence presented to the jury did not demand a verdict in favor of either the appellant or the appellee. Genuine fact issues were presented to the jury; and the jury resolved those

534

issues in favor of the appellee.

Appellant's first three enumerated errors complain of the overruling by the trial court of objections by appellant's counsel to evidence including a comment by the trial judge, as contended by appellant, that was favorable to the appellee. These three enumerated errors have no merit.

The fourth enumerated error complains of the terms used in the judgment quoted above. Prior to the overruling of the appellant's motion for new trial, appellant had moved in the trial court to revise the judgment so that it would read: "It is hereby ordered, adjudged, and decreed that the defendant, Michael J. Padgett, be and hereby is vested with a one-half interest in the profits, if any, received by the plaintiff, Paul E. Bennett, from the sale of his interest in the" tract of land. The trial judge overruled the motion to revise and let the judgment stand as originally entered.

As we read the discussions contained in the transcript between the trial counsel for both parties and the trial judge, as we read the trial judge's charge to the jury, and as we read the jury's verdict and the wording of the judgment entered by the trial judge, we conclude that the judgment as entered was entirely appropriate. It placed an equitable interest in the tract of land in the appellee "to the extent that he is entitled to receive one-half of the profits received by the plaintiff, Paul E. Bennett, from the sale of his interest" in the tract.

We find no error.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED SEPTEMBER 9, 1976.

*Harrison, Jolles, Miller & Bush, Charles F. Miller, Jr.,* for appellant.

*Harris, Chance & McCracken, Roy V. Harris,* for appellee.